129 F.3d 129
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ernesto TRASLAVINA, aka Mathew Traslavina, Defendant-Appellant.
 No. 97-15170.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1997.**
Decided Nov. 6, 1997.
 
 Appeal from the United States District Court for the District of Nevada, Nos. CV-95-01148-LDG, CR-87-00166-LDG; Lloyd D. George, District Judge, Presiding.
 Before: HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ernesto Traslavina, a federal prisoner, appeals the district court's denial of his second 28 U.S.C. § 2255 motion to vacate his conviction and sentence following his jury conviction for conspiracy, possession of narcotics with intent to distribute, interstate travel in aid of a racketeering enterprise, and escape. We review de novo a district court's decision on a section 2255 motion. See Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995). We have jurisdiction pursuant to 28 U.S.C. § 2255, and we affirm.
 
 
 3
 Traslavina contends the district court abused its discretion when it ruled that his claim that the government withheld exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963), was barred as an abuse of the writ. We disagree.
 
 
 4
 We review the denial of a claim on the grounds that a petitioner has abused the writ for an abuse of discretion. See Campbell v. Blodgett, 997 F.2d 512, 516 (9th Cir.1993). A petitioner abuses the writ if he raises a new claim in a subsequent habeas petition that he could have raised in his first habeas petition. See Rule 9(b), Rules Governing Section 2255 Cases, 28 U.S.C. foll § 2255; See McCleskey v. Zant, 499 U.S. 467, 489 (1991). Failure to raise the claim in a previous petition will be excused upon a showing of cause and prejudice or if a fundamental miscarriage of justice would result from a failure to entertain the claim. McCleskey, 499 U.S. at 494. "Omission of the claim will not be excused merely because evidence discovered later might also have supported or strengthened the claim." Id. at 498.
 
 
 5
 In his second section 2255 motion, Traslavina contends that newly discovered information supports his claim that the government intentionally withheld a tape recording made in Texas in 1985. He alleges that the contents of the tape would have supported his claim at trial that he had made a deal with the government and pursuant to that deal was authorized to pursue future leads regarding a Caribbean drug organization. However, the documents submitted by Traslavina merely reflect that on March 26, 1985, he wore a wire to consensually record a conversation with the subject of an ATF investigation. At trial, Traslavina himself testified that on that date, he wore a wire to record a conversation with a Mr. Gustavo who was the subject of the ATF investigation. The agents who testified at trial confirmed that Traslavina participated in an investigation in March of 1985.[1] Thus, the documents submitted by Traslavina do not support his allegations that the contents of the 1985 tape would have shown that he was acting on behalf of the government at the time of his Nevada arrest in 1987. Accordingly, the district court did not abuse its discretion by concluding that Traslavina had failed to show cause or prejudice for failing to raise his Brady claim in his previous section 2255 motion. See McCleskey, 499 U.S. at 494; see also Campbell, 997 F.2d at 516.
 
 
 6
 Traslavina also contends that the district court erred when it denied his Double Jeopardy claim without separately addressing his claim that his prior civil forfeiture violated the Excessive Fines Clause of the Eighth Amendment. This contention lacks merit because even assuming Traslavina has a viable Eighth Amendment challenge to his civil forfeiture proceeding, it would not affect the validity of his criminal conviction.[2] See generally United States v. Real Property Located in El Dorado, 59 F.3d 974, 985 (9th Cir.1995) (discussing remedies available when civil forfeiture violates the Excessive Fines Clause).
 
 
 7
 Finally, we reject Traslavina's contention that the district court abused its discretion by denying Traslavina's section 2255 motion without first holding an evidentiary hearing. Traslavina's allegations, when viewed against the record, do not state a claim for relief. See Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994).
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The documents submitted by Traslavina show that the tape was authorized to be destroyed in April of 1991 as part of a routine elimination of property
 
 
 [2]
 The same holds true for Traslavina's allegation that he did not receive adequate notice during his civil forfeiture proceedings